**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOTOROLA MOBILITY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 10-6381 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| APPLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Motorola Mobility, Inc. ("Motorola Mobility"), for its complaint against

Defendant, Apple, Inc. ("Apple"), alleges as follows:

**INTRODUCTION**

1.      This is an action brought by Motorola Mobility against Apple for Apple's

infringement of Motorola Mobility's patents. In particular, Motorola Mobility seeks remedies for

Apple's infringement of Motorola Mobility's U.S. Patents Nos. 5,311,516 ("the '516 patent"),

5,319,712 ("the '712 patent"), 5,490,230 ("the '230 patent"), 5,572,193 ("the '193 patent"),

6,175,559 ("the '559 patent") and 6,359,898 ("the '898 patent") (collectively, "the Asserted

Patents").

**PARTIES**

2.      Motorola Mobility, Inc. is a corporation organized and existing under the laws of

the State of Delaware, having a principal place of business at 600 North U.S. Highway 45,

Libertyville, Illinois 60048. Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola,

Inc. On July 31, 2010, Motorola, Inc. assigned all its right, title and interest in each of the

Asserted Patents to Motorola Mobility, Inc.

1

3.     On information and belief, Apple, Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

4.     This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Apple. On information and belief, Apple has significant contacts with this forum because Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in the Northern District of Illinois. On information and belief, Apple, directly and/or through its distribution network, places infringing devices within the stream of commerce, with the knowledge and/or understanding that such infringing devices will be sold in the Northern District of Illinois. Moreover, on information and belief, Apple operates several retail stores within the Northern District of Illinois and expects or should reasonably expect its infringing actions to have consequences in the Northern District of Illinois. Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 (2010).

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,311,516

7.     Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

8.     The '516 patent, entitled "Paging System Using Message Fragmentation to Redistribute Traffic," duly and lawfully issued on May 10, 1994. A true and correct copy of the '516 patent is attached to this Complaint as Exhibit 1.

9.     Motorola Mobility is the owner of all rights, title and interest in the '516 patent, including the right to bring this suit for injunctive relief and damages.

10.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '516 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services, including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini and the Apple Mac Pro.

11.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

12.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '516 patent in an amount to be determined at trial.

13.     On information and belief, Apple's infringement of the '516 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

14.     On information and belief, Apple's infringement of the '516 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,319,712

15.     Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

16.     The '712 patent, entitled "Method and Apparatus for Providing Cryptographic Protection of Data Stream in a Communication System," duly and lawfully issued on June 7, 1994. A true and correct copy of the '712 patent is attached to this Complaint as Exhibit 2.

17.     Motorola Mobility is the owner of all rights, title and interest in the '712 patent, including the right to bring this suit for injunctive relief and damages.

18.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '712 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini and the Apple Mac Pro.

19.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

20.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '712 patent in an amount to be determined at trial.

21.     On information and belief, Apple's infringement of the '712 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

22.     On information and belief, Apple's infringement of the '712 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,490,230

23.     Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

24.     The '230 patent, entitled "Digital Speech Coder Having Optimized Signal Energy Parameters," duly and lawfully issued on February 6, 1996.

25.     On September 3, 1996, the United States Patent and Trademark Office issued a Certificate of Correction for the '230 patent.

26.     On October 1, 1996, the United States Patent and Trademark Office issued a Certificate of Correction for the '230 patent. A true and correct copy of the '230 patent with the September 3, 1996 and October 1, 1996 Certificates of Correction is attached to this Complaint as Exhibit 3.

27.     Motorola Mobility is the owner of all rights, title and interest in the '230 patent, including the right to bring this suit for injunctive relief and damages.

28.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '230 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of

equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS and the Apple iPhone 4.

29.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

30.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '230 patent in an amount to be determined at trial.

31.     On information and belief, Apple's infringement of the '230 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

32.     On information and belief, Apple's infringement of the '230 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 5,572,193**

33.     Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

34.     The '193 patent, entitled "Method for Authentication and Protection of Subscribers in Telecommunications Systems," duly and lawfully issued on November 5, 1996.

35.     On April 22, 1997, the United States Patent and Trademark Office issued a Certificate of Correction for the '193 patent. A true and correct copy of the '193 patent with the April 22, 1997 Certificate of Correction is attached to this Complaint as Exhibit 4.

36.     Motorola Mobility is the owner of all rights, title and interest in the '193 patent, including the right to bring this suit for injunctive relief and damages.

37.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '193 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G, each generation of the Apple iPod Touch, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini and the Apple Mac Pro.

38.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

39.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '193 patent in an amount to be determined at trial.

40.     On information and belief, Apple's infringement of the '193 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

41.     On information and belief, Apple's infringement of the '193 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,175,559

42.     Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

43.     The '559 patent, entitled "Method for Generating Preamble Sequences in a Code Division Multiple Access System," duly and lawfully issued on January 16, 2001. A true and correct copy of the '559 patent is attached to this Complaint as Exhibit 5.

44.     Motorola Mobility is the owner of all rights, title and interest in the '559 patent, including the right to bring this suit for injunctive relief and damages.

45.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '559 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G.

46.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

47.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '559 patent in an amount to be determined at trial.

48.     On information and belief, Apple's infringement of the '559 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

49.     On information and belief, Apple's infringement of the '559 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,359,898

50.     Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

51.     The '898 patent, entitled "Method for Performing a Countdown Function During a Mobile-Originated Transfer for a Packet Radio System," duly and lawfully issued on March 19, 2002. A true and correct copy of the '898 patent is attached to this Complaint as Exhibit 6.

52.     Motorola Mobility is the owner of all rights, title and interest in the '898 patent, including the right to bring this suit for injunctive relief and damages.

53.     On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '898 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G.

54.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

55.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '898 patent in an amount to be determined at trial.

56.     On information and belief, Apple's infringement of the '898 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

57.     On information and belief, Apple's infringement of the '898 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

58.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a trial by jury of this action.

## REQUEST FOR RELIEF

WHEREFORE, Motorola Mobility respectfully requests that:

(a)     Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

(b)     Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c)     Judgment be entered awarding Motorola Mobility all damages adequate to compensate it for Apple's infringement of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d)     Judgment be entered that Apple's infringement of each of the Asserted Patents is willful and deliberate, and therefore, that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

(e)     Judgment be entered that Apple's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

(f)     Judgment be entered awarding Motorola Mobility such other and further relief as this Court may deem just and proper.

Dated:  October 6, 2010

Respectfully submitted,

MOTOROLA MOBILITY, INC.


By:     _/s/ David A. Nelson_____
          David A. Nelson (6209623)

David A. Nelson (6209623)
Jennifer A. Bauer (6289020)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
davenelson@quinnemanuel.com
jenniferbauer@quinnemanuel.com

*Of Counsel*
Charles K. Verhoeven*
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com

Edward J. DeFranco*
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
eddefranco@quinnemanuel.com

*Attorneys for Plaintiff Motorola
Mobility, Inc.*

* Motion to appear *pro hac vice* to be
filed